UNITED STATES of America, Plaintiff–Appellee

v.

Felix HERRERA, Jr., Defendant–Appellant.

No. 10–40560
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 4, 2011.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM: *

Felix Herrera, Jr., appeals the sentence imposed following his conviction of trans-

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be

porting an illegal alien by means of a motor vehicle for private financial gain. He argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.1(b)(6) based on a finding that he intentionally or recklessly created a substantial risk of death or serious bodily injury to the alien by transporting her in the trunk of his vehicle.

The transportation of aliens in the trunk of a vehicle is specifically listed in the comments to U.S.S.G. § 2L1.1(b)(6) as the type of conduct contemplated by the Sentencing Commission in drafting the guideline provision. § 2L1.1, comment. (n.5). Moreover, the district court determined that the alien being transported in the trunk of Herrera's vehicle was at an increased risk of death or serious bodily injury in the event of an accident and was at an increased risk of death or serious bodily injury because the weather was hot at the time Herrera committed the offense. *See United States v. Zuniga–Amezquita,* 468 F.3d 886, 889 (5th Cir.2006). The district court did not err by enhancing Herrera's sentence.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.